UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 24-CR-
[18 U.S.C. § 1343]

24-CR-010

ROBERT C. STARNES,

    Defendant.

---

## INDICTMENT

---

### Allegations Common to All Counts

**THE GRAND JURY CHARGES THAT:**

1. Beginning by at least November 2019, and continuing through at least May 2023, in the State and Eastern District of Wisconsin and elsewhere,

**ROBERT C. STARNES,**

with intent to defraud, knowingly devised and participated in a scheme to defraud individuals and to obtain money and property by means of materially false and fraudulent pretenses and representations.

2. The essence of the scheme to defraud was to obtain, by false and fraudulent presentences and representations and without lawful permission, money from victims to which Starnes was not entitled, and to personally enjoy, benefit from, and enrich himself through the use of these funds.

3. At relevant times, Starnes operated Robert C. Starnes Financial Services ("Starnes Financial Services"), located at 23XX N. 124th Street in Wauwatosa, Wisconsin. Starnes was also registered as an investment advisor with the United States Financial Industry Regulatory Authority ("FINRA").

4. As part of the scheme, Starnes would obtain funds from individuals with the false promise that he would invest the funds and return them with investment gains.

5. As further part of the scheme, Starnes would deposit the victim investors' funds into his personal bank accounts, typically an account he held at Wells Fargo Bank with an account number ending in 0537. Frequently, Starnes would transfer these funds from his personal Wells Fargo account to another personal bank account at BMO Harris Bank, ending in 8923.

6. As further part of the scheme, Starnes would provide his victim investors with fabricated statements purporting to show that the victims' investments had generated investment returns. These statements often bore the names or logos of investment companies, such as "DWS Investments," "Barclays," and others.

7. As further part of the scheme, when victim investors requested to make withdrawals from their fake investment accounts, Starnes would write checks and transmit funds via ACH wire transfers to them from one of his personal bank accounts.

8. As a result of the scheme, Starnes used the victim investors' funds to pay his personal expenses, including paying off personal credit cards.

## COUNTS ONE and TWO
(Wire Fraud)

### THE GRAND JURY FURTHER CHARGES THAT:

9. On or about the dates indicated below, in the State and Eastern District of Wisconsin and elsewhere,

**ROBERT C. STARNES,**

for the purpose of executing the above-described scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below, each transmission constituting a separate count:

| Count | Date | Description of wire transmission |
|---|---|---|
| 1 | January 19, 2021 | ACH wire transaction in the amount $37,000 from Starnes' BMO Harris Bank account ending in 8923, to a PNC Bank account ending in 1891. |
| 2 | October 29, 2021 | ACH wire transaction in the amount $35,000, from Starnes' BMO Harris Bank account ending in 8923, to a PNC Bank account ending in 1891. |

Each in violation of Title 18, United States Code, Section 1343.

4

# FORFEITURE NOTICE

10. Upon conviction of one or more of the wire fraud offenses, in violation of Title 18, United States Code, Section 1343, set forth in Counts One and Two of this Indictment, the defendant, Robert C. Starnes, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense or offenses. including, but not limited to a sum of money equal to the proceeds derived from the offense or offenses of conviction.

11. If any of the property described above, as a result of any act or omission by the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), including but not limited to:

    a. 10737 Sumac Lane, Sister Bay, Wisconsin, 54234; and

    b. 2570 N. 63rd Street, Wauwatosa, Wisconsin, 53213.

A TRUE BILL:

███████████████

FOREPERSON

Dated: 1-17-2024

*[signature]*
GREGORY J. HAANSTAD
United States Attorney